UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT PURCELL,         )<br>                                )<br>    Plaintiff,            )<br>                                )<br>    vs.                     )<br>                                )<br> BABARA ODEM and    )<br> MELISSA PLUNKETT, )<br>                                )<br>    Defendants.         ) | Case No. 1:20-CV-101-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Scott Purcell's Motion to Dismiss.  ECF No. 8.  Therein, plaintiff asks the Court to dismiss this case and direct Big Sandy U.S. Penitentiary to stop taking funds from his prison account to pay filing fees for this matter. For the reasons discussed below, the Court will order dismissal of this case, without prejudice, and deny plaintiff's request for the Court to waive his filing fee.

### **Background**

Plaintiff filed his complaint *pro se* in this matter on May 4, 2020.  ECF No. 1.  On June 23, 2020, the Court granted plaintiff's motion for leave to commence this action without prepayment of the required filing fee and accessed an initial partial filing fee amount of $3.33.  ECF No. 6.  In that Order the Court stated:

> Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id.*

ECF No. 6 at 1-2.

On July 13, 2020, plaintiff filed the instant Motion to Dismiss.  In support of his request for a voluntary dismissal, plaintiff states: "I do not believe this matter to be of the severity needed to meet the requirements demanded by this type of action."  Plaintiff additionally asks the Court to "retract the order" which assessed an initial partial filing fee of $3.33 and directed the agency having custody of plaintiff to charge his inmate account each month until the filing fee is fully paid.  Plaintiff states he "was not aware that these costs were present at the time of filing, nor was [he] aware of the complexity of such filing."

## Discussion

The Court construes plaintiff's Motion to Dismiss as a notice of voluntary dismissal filed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and will order the dismissal of this case, without prejudice.  This dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).  However, plaintiff's request that the Court "retract the order" requiring him to pay the filing fee in this matter will be denied.

Under the Prisoner Litigation Reform Act ("PLRA"), "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner *shall* be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added).  "[N]othing allows the court to stop the collection of the filing fee once [it] authorize[s] a prisoner to proceed *in forma pauperis* [under 28 U.S.C. § 1915]. *Copley v. Henderson*, 980 F.Supp. 322, 323 (D. Neb. 1997).  "Thus, prisoners should understand that from the moment we allow them to proceed *in forma pauperis*, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases." *Id.*  Because the Court granted plaintiff's application to proceed *in forma pauperis* in this case, the PLRA requires that plaintiff pay the full filing fee.

As detailed in the Order issued by the Court granting *in forma pauperis* status to plaintiff, 28 U.S.C. § 1915(b)(2) sets forth the requirements for prisoner installment payments under the PLRA:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

ECF No. 6 at 1-2.

Plaintiff's voluntary dismissal of this action does not excuse or negate his obligation to pay the filing fee in full. Furthermore, plaintiff has not submitted an updated prison account statement or made any argument demonstrating that he lacks the funds to pay the filing fees in this instance. Plaintiff merely states that his "financial situation is not of the type" to take on the "burden of costs." ECF No. 8 at 2. Plaintiff's generalized statement that his status as a prisoner makes it difficult for him to pay the filing fee does not demonstrate he personally lacks the funds to meet the financial obligations ordered by this Court as a result of filing a civil complaint. For all these reasons, plaintiff's request for waiver of the filing fee will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Scott Purcell's Motion to Dismiss (ECF No. 8) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's request for an Order from the Court directing Big Sandy U.S. Penitentiary to stop taking funds from his prison account to pay filing fees for this matter is **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE